# Levy Ratner

*Attorneys*

| | | |
|---|---|---|
| Daniel J. Ratner | Robert H. Stroup | Kimberly A. Lehmann* |
| Gwynne A. Wilcox* | Dana E. Lossia* | Aleksandr L. Felstiner• |
| Pamela Jeffrey | Micah Wissinger | Jessica I. Apter* |
| Carl J. Levine* | Ryan J. Barbur | Rebekah Cook-Mack |
| David Slutsky* | Alexander Rabb | Courtney L. Allen |
| Allyson L. Belovin | Laureve D. Blackstone* | |

*Of Counsel*

Patricia McConnell
Linda E. Rodd

*Special Counsel*

Richard A. Levy
Daniel Engelstein
Richard Dorn

Attorneys at Law
80 Eighth Avenue, 8th Floor
New York, NY 10011-7175
o 212.627.8100
f 212.627.8182
levyratner.com

August 5, 2021

**BY ECF**
Hon. Katherine Polk Failla
United States District Court for the SDNY
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

  Re:  **Request for a Pre-Motion Conference Prior to Filing a Motion to Dismiss**
     *Maron v. The Legal Aid Society, et al.*, Civil Action No. 1:21-cv-05960-KPF

Dear Judge Failla:

  I write on behalf of Defendant Association of Legal Aid Attorneys, UAW Local 2325 ("ALAA" or "Union") to request a pre-motion conference as required by Rule 4(a) before filing a motion to dismiss in the above-captioned matter. This is the first such request and it is made with the consent of co-Defendant, Legal Aid Society ("LAS"). Plaintiff has not consented to this request.

  Plaintiff is an ALAA member, a public defender employed by LAS, and a candidate for New York City Council. Compl. ¶¶ 7-10. She bases her claim against the Union on a July 26, 2020 Twitter post by the Black Attorneys of Legal Aid ("BALA"), an ALAA caucus, that was issued in response to an opinion piece Plaintiff published in the New York Post in which she opposes the concept of anti-racism. Compl. ¶¶ 22-28; Compl. Ex. A. BALA's responsive tweet opposes Plaintiff's position and questions her ability to serve LAS's mostly Black and Brown clients. *See* Compl. Ex. B. LAS re-tweeted BALA's statement and issued a statement of its own in response to Plaintiff's opinion piece. Compl. ¶¶ 29, 37; Compl. Ex. E. Plaintiff asserts a claim against ALAA for hostile work environment and discrimination arguing that: (1) BALA's tweet created a hostile work environment based on Plaintiff's race and/or color, and; (2) The Union caused LAS to discriminate against her by "permitting" LAS to retweet BALA's post and "causing" LAS to issue its own statement. Compl. ¶¶ 59-60, 63.

  For the reasons set forth below, Plaintiff's claim against the Union must be dismissed pursuant to Rule 12(b)(6) because Plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

12-002-00017: 11260809_2

*Advancing the rights of
everyone who works*

  \*   Admitted in NY and NJ.  •   Admitted in CA.



Hon. Katherine Failla
Page 2

### 1. The Complaint Does Not State a Claim For Breach of the DFR

Courts have consistently held that "[c]laims against labor organizations are grounded in the union's duty of fair representation ('DFR') to its members." *Klaper v. Cypress Hills Cemetery*, No. 10-CV-1811, 2012 WL 959403, at *7 (E.D.N.Y. Mar. 21, 2012). To establish a Title VII claim concerning a union's representation, a plaintiff must first demonstrate that the union breached its DFR; then, plaintiff must show that the union's actions were motivated by unlawful discrimination or retaliation. *See Oparaji v. United Fed'n of Tchrs*., 418 F. Supp. 2d 139, 146 (E.D.N.Y. 2006) (citations omitted). To establish a breach of the DFR, a plaintiff must show the union's actions were arbitrary, discriminatory, or in bad faith. *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). Plaintiff's claim against the Union is based entirely upon BALA's July 26, 2020 tweet. Compl. ¶¶ 28, 58. To the extent that Plaintiff claims that the Union directed the actions of the Legal Aid Society, Plaintiff has failed to plead facts to establish this contention. Compl. ¶¶ 60, 63. Plaintiff alleges no specific facts that demonstrate that the Union's conduct towards her – through BALA or otherwise – was arbitrary, discriminatory, or in bad faith.

### 2. The Complaint Does Not Allege a Cognizable Discrimination Claim

A *prima facie* claim for employment discrimination under Title VII requires a plaintiff to allege that (1) she is a member of a protected class, (2) was qualified for the position, (3) suffered an adverse employment action, and (4) can sustain a minimal burden of showing facts suggesting an inference of discriminatory motivation based on her protected status. *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) applying the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) pleading requirements in light of *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Plaintiff's Complaint fails to allege facts sufficient to meet its burden under prongs three and four of this test.

Plaintiff claims she suffered a hostile work environment and discrimination based on her race, but the facts alleged in the Complaint demonstrate otherwise.[1] The Complaint makes clear that the Defendants' statements were in response to Plaintiff's opinions, not her race. Title VII does not offer protection based upon one's unpopular and controversial positions. While Plaintiff details her discomfort with being called a racist, being called a racist is not evidence of unlawful discrimination. *See e.g., Caruso v. Bon Secours Charity Health Sys. Inc.*, No. 14 CV 4447, 2016 WL 8711396, at *12 (S.D.N.Y. Aug. 5, 2016), *aff'd*, 703 F. App'x 31 (2d Cir. 2017) ("Even assuming [plaintiff] told his decision-making colleagues plaintiff was racist, it would be entirely speculative to find that … [the] decision to terminate plaintiff was motivated by racism."); *Nurse v. Lutheran Med. Ctr*., 854 F. Supp. 2d 300, 311 n.3 (E.D.N.Y. 2012) (finding co-worker's comment that plaintiff was a racist to have "no bearing on whether plaintiff's adverse employment action was based on discrimination" in part because "to draw such an inference would require a finder of fact to engage in wholesale—and wholly impermissible—speculation")

---

[1] To the extent Plaintiff claims to have suffered reputational harm, this too should be dismissed. Plaintiff offers no facts to support her claim for damages and instead provides generalized assertions that are insufficient to establish any harm was suffered. Compl. ¶¶ 30, 31, 44, 64.

(internal quotation omitted).  Plaintiff offers absolutely no evidence that she suffered a harm based on her race or membership in any other protected category.

Even if Plaintiff were able to establish that the complained-of statements were based upon her race, her Complaint does not allege facts sufficient to demonstrate that those statements created a hostile work environment.  To establish a hostile workplace claim plaintiffs must describe conduct "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). Plaintiff offers no facts to suggest that the public debate she initiated unreasonably interfered with her work performance; nor could she do so because she was on leave from work during the entire period covered by the Complaint. Compl. § 8.  Any claim that Plaintiff *would have* experienced a hostile work environment upon her return from leave is speculative and does not establish a hostile workplace claim.

Plaintiff's attempt to characterize her decision not to return to work as a constructive discharge must also fail. Plaintiff remains employed by LAS; there has been no discharge, constructive or otherwise. *See* Compl. ¶ 8 ("Plaintiff is presently on sabbatical."). Moreover, Courts generally refuse to find a constructive discharge where an employee failed to seek redress for the allegedly "intolerable" work atmosphere leading to resignation. *See e.g., Silverman v. City of New York*, 216 F. Supp. 2d 108, 115-16 (E.D.N.Y. 2002), *aff'd*, 64 F. App'x 799 (2d Cir. 2003) (collecting cases); *Katz v. Beth Israel Med. Ctr.*, No. 95 CIV 7183, 2001 WL 11064, at *13 (S.D.N.Y. Jan. 4, 2001) (finding the availability of a grievance procedure under a collective bargaining agreement defeats a constructive discharge claim).[2]  Plaintiff makes the conclusory statement that the Union's grievance procedure "had been rendered unavailable" but cites no facts to support that conclusion and it is belied by Plaintiff's acknowledgment that the Union has successfully represented her in the grievance procedure in the past. Compl. ¶¶ 43, 16.

For all of the aforementioned reasons, we request a pre-motion conference so that we can file a Motion to Dismiss the Complaint.

Very truly yours,

Rebekah Cook-Mack

cc:     All Counsel via ECF

---

[2] Courts have also held that there is no constructive discharge "where an employee fails to lodge complaints or take advantage of employer accommodations" such as reaching out to Human Resources. *Cleveland v. Int'l Paper Co.,* No. 96 CV 1068, 1998 WL 690915, at *5 (N.D.N.Y. Sept. 30, 1998). Plaintiff presented no evidence that she raised any complaint with LAS or requested any accommodation.

12-002-00017: 11260809_2