**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Christopher D. Belelieu
Direct: +1 212.351.3801
Fax: +1 212.817.9301
CBelelieu@gibsondunn.com

September 15, 2021

VIA ECF & EMAIL

The Honorable Judge Katherine Polk Failla
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:     Maron v. The Legal Aid Society et al., No. 1:21-cv-05960 (S.D.N.Y.)

Dear Judge Failla:

Pursuant to Section 4(A) of this Court's Individual Rules of Practice, we respectfully submit this pre-motion letter on behalf of Defendant The Legal Aid Society ("Legal Aid") in advance of Legal Aid's impending motion to revoke attorney Marc J. Randazza's *pro hac vice* admission. Plaintiff does not consent to this request; co-Defendant consents.

On August 2, 2021, Mr. Randazza filed a motion for admission to practice *pro hac vice* in this Court and appear as counsel for Plaintiff. See Dkt. 12. Mr. Randazza's motion included an affidavit and exhibits totaling 88-pages and describing disciplinary proceedings against him in State and Federal courts in Florida, Nevada, Arizona, Massachussetts, and California. See Dkt. 12-2. The Court granted Mr. Randazza's motion the following day, on August 3, 2021. See Dkt. 13. Upon close review of Mr. Randazza's disciplinary record, however, Legal Aid has serious concerns over his appearance in this case and respectfully requests that this Court reconsider its decision to admit Mr. Randazza and revoke his *pro hac vice* admission.

"Admission *pro hac vice* 'is not a right but a privilege, the granting of which rests in the sound discretion of the presiding judge.'" *United States v. Gutierrez*, 1994 WL 593773, at *2 (S.D.N.Y. Oct. 28, 1994) (quoting *Thomas v. Cassidy*, 249 F.2d 91, 92 (4th Cir. 1957)). Courts have recognized that past misconduct by the attorney—particularly where a guilty plea ensued—can be grounds for denying an application for *pro hac vice* status. *In re Rappaport*, 558 F.2d 87, 90 (2d Cir. 1977). Mr. Randazza's application is concerning and warrants reconsideration for three reasons.

**1. Mr. Randazza Grossly Understates the Severity of the Conduct Underlying His Discipline**. In his affidavit, Mr. Randazza acknowledges that he was disciplined by Nevada in 2018 and then subject to reciprocal discipline for conduct that occurred in 2012. See Dkt. 12-2. That discipline—which included a twelve-month suspension, stayed for eighteen months—was imposed as a result of a negotiated agreement between Mr. Randazza and the Southern Nevada Disciplinary Board. Significantly, "[i]n exchange for Randazza's guilty plea, the State Bar agreed to dismiss the remaining *seven* counts in the amended complaint." Dkt. 12-2. As a result, Mr. Randazza only admitted to violating two ethical rules: Nevada RPC

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

**GIBSON DUNN**

The Hon. Katherine Polk Failla
September 15, 2021
Page 2

1.8(a) (conflict of interest: current clients) and Nevada RPC 5.6 (restrictions on right to practice).

But the allegations in the amended complaint filed against Mr. Randazza were far more expansive. In addition to the two violations Mr. Randazza pled guilty to, the Nevada State Bar further accused Mr. Randazza of: (1) "fail[ing] to inform his client about multiple conflicts of interest" and other matters requiring informed consent (Nevada RPC 1.4); (2) "conceal[ing]" conflicts of interest relating to other current and former clients (Nevada RPC 1.7); (3) "fail[ing] to obtained informed consent" relating to conflicts imputed to Mr. Randazza as a member of his law firm (Nevada RPC 1.10); (4) "receiv[ing] and [holding] approximately $550,000.00 of a settlement payment to his client in an out-of-state trust account, without the client's consent" (Nevada RPC 1.15); (5) after his representation of the client terminated, "refus[ing] to surrender his client's iPhone and laptop computer for a time, and eras[ing] his clients dat[a] from the corporate laptop—thus not turning over property to which the client was entitled" (Nevada RPC 1.16); (6) "fail[ing] to give his client candid advice on multiple occasions because of his conflicts of interest in relation to other clients, and established a pattern of omission and deception with respect to [the former client] that went to the heard of the attorney client-relationship between them (Nevada RPC 2.1); and (7) "engag[ing] in conduct 'involving dishonesty, fraud, deceit, or misrepresentation'" in concealing conflicts of interest from his clients (Nevada RPC 8.4). See Ex. A.

This is only a portion of the breadth of misconduct of which Mr. Randazza was accused in his representation of this former client. Prior to the Nevada disciplinary proceedings, in 2015 Mr. Randazza and his former client brought their dispute before an independent arbitrator. In addition to the alleged misconduct described above, the arbitrator concluded that Mr. Randaza "engag[ed] in negotiations for monetary bribes to be paid to him . . . which would result in his being 'conflicted out' of future litigation or any disputes with the parties then and/or in the future with interests adverse to" Mr. Randazza's client in that dispute. Ex. B, JAMS Arbitration, Reference No. 1260002283, Interim Arbitration Award, dated June 3, 2015, at 13–14.

Although Mr. Randazza claims to "now recognize[] where he misunderstood his ethical obligations," he equivocates by claiming that the discipline "arose from . . . specific circumstance[s] where Applicant represented a company as in-house counsel, along with its sister entity," and those circumstances "will not repeat themselves" as Mr. Randazza is no longer in-house counsel for any clients. Dkt. 12-2. This does little to convince Legal Aid that Mr. Randazza is entitled to the privilege of practicing before this Court, particularly in light of the breadth and severity of his prior misconduct, as well as even more recent allegations of unethical conduct, including that which involved "dishonesty, fraud, deceit, or misrepresentation."

**GIBSON DUNN**

The Hon. Katherine Polk Failla
September 15, 2021
Page 3

**2. Mr. Randazza's Continues To Be Accused of Misconduct Before Other Courts.** Contrary to Mr. Randazza's suggestions, accusations of misconduct against him did not end in 2012. In 2018, before a Federal court in Utah, Mr. Randazza was found responsible for a "substantial" "degree of interference with the judicial process" by "adamantly defend[ing] misleading representations." *Purple Innovation, LLC v. Honest Reviews, LLC*, 2018 WL 840035, at *6 (D. Utah 2018). And just one month ago, on August 2, 2021, the plaintiffs in an ongoing litigation between parents of children murdered at Sandy Hook Elementary School and Alex Jones—the provocateur that called their children's deaths a hoax—brought forth even more new evidence of alleged misconduct from Mr. Randazza, who is seeking to represent Mr. Jones *pro hac vice* in that litigation. Ex. C. In their filing, the plaintiffs describe a series of "threats" Mr. Randazza made to a witness that provided a declaration in support of the plaintiffs' opening brief opposing Mr. Randazza's *pro hac vice* application. *Id.* at 2. According to the plaintiffs, the "witness contacted Plaintiffs' counsel expressing his grave alarm about these threats, which included highly improper and potentially felonious threats of criminal prosecution and civil litigation against the witness." *Id.*

**3. Mr. Randazza's Application Presents False Information.** Mr. Randazza's affidavit in support of his application to appear *pro hac vice* also contains the following inaccuracy: Mr. Randazza represents that he has "never been disbarred or denied admission or readmission by any court, except that Applicant was denied admission *pro hac vice* in the Connecticut Superior Court while disciplinary proceedings related to the matters described [in his affidavit] were pending." Dkt. 12-2. In fact, Mr. Randazza has *twice* been denied admission *pro hac vice* in the Connecticut Superior Court. The first denial came on January 30, 2019, when Judge Barbara Bellis denied his application "in light of [Mr. Randazza's] recent disciplinary history" and "serious misconduct." Ex. D. The second denial came eighteen months later, on July 7, 2020, *after* Mr. Randazza's disciplinary probation had ended. The court found that this subsequent application did nothing to assuage concerns over Mr. Randazza's prior misconduct. Ex. E.

In sum, in light of Mr. Randazza's serious disciplinary record and his failure to more fully account for the severity of the allegations made against him, Legal Aid respectfully requests that the Court reconsider its decision to admit Mr. Randazza to appear *pro hac vice*.

Respectfully,

/s Christopher D. Belelieu

cc:     Counsel for Plaintiff (via ECF)