

Jay Marshall Wolman, JD
Licensed in CT, MA, NY, DC

September 19, 2021

<u>Via CM/ECF and Email</u>
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

   Re: *Response to Pre-Motion Letter [Dkt. No. 28]*
      *Maron v. Legal Aid Society, et al. | Case No. 1:21-cv-05960-KPF*

Dear Judge Failla:

This letter is submitted on behalf of Plaintiff Maud Maron in response to Defendant The Legal Aid Society's ("LAS") pre-motion letter relating to attorney Marc J. Randazza's *pro hac vice* admission. (Dkt. No. 28). In its pre-motion letter, LAS uses requests for reconsideration or revocation of Mr. Randazza's admission in this case interchangeably. Under either standard, LAS's request should be denied; no conference is required.

Under Local Civil Rule 6.3, a motion for reconsideration must be served within 14 days after entry of the Court's determination of the original motion. Here, the subject order was entered on August 3, 2021. The pre-motion letter was filed on September 15, 2021, 29 days after the time had passed. LAS provides no explanation or rationale for this delay. The information and argument it presents in its pre-letter motion were equally available to LAS and its counsel on the day Mr. Randazza's admission was granted as it is today.

Moreover, whether LAS's request is couched as a reconsideration or revocation, the law governing revocation of *pro hac vice* admission applies. Revocation of *pro hac vice* admission is a species of sanction and must be consistent with the Court's actions as if it were disqualifying a regular member of the Court's bar. *See Martens v. Thomann*, 273 F.3d 159, 175-76 (2d Cir. 2001).

It is a non-meritorious motion sought for an improper purpose. As one court put it in similar circumstances:

> Based upon the current motions before the Court it is clear that counsel in this action have a history. However, **this Court does not exercise playground jurisdiction** and such history is not and will not become this Court's problem. As officers of the Court, counsel in this action are expected to treat each other with professional courtesy and to abide by the Rules of Professional Conduct, federal rules, local rules, and orders of this Court.

---

Randazza Legal Group
Page 2 of 3



> The parties shall be on notice that should the Court find that a party to this action has filed a non-meritorious motion or files a motion for an improper purpose, the Court will issue sanctions of attorney fees to the party opposing such a motion.

*Baker v. Cottrell, Inc.*, 2017 U.S. Dist. LEXIS 129074, *21, 2017 WL 3479004 (E.D. Cal. 2017) (emphasis added).

As previously noted to the Court, Plaintiff's counsel did not interpret "denied admission" to include *pro hac vice* admissions, yet nonetheless made a sufficient disclosure. (ECF No. 25). This interpretation is consistent with a contrast between Local Civ. R. 1.3(c) and ABA Model Rule App'x A's explicit request for information on *pro hac vice* admissions. Thus, for example, Exhibit 1 to Mr. Randazza's affidavit (ECF No. 12-2 at 5) lists his regular member admissions, but not his *pro hac vice* admissions.[1]

More important, there is nothing in the Connecticut denials that suggests Mr. Randazza should have his admission here revoked—it was one judge, who made a different decision than this Court, based on the same information about his discipline. The first denial came three months after discipline was imposed. The second denial, *in the same case*, came while reciprocal proceedings were still in process. The disclosure in the affidavit was, therefore, accurate and Mr. Randazza would certainly have provided more detail had the Court thought it of concern. Of note, subsequently, a different Connecticut judge, in a different case, recently permitted Mr. Randazza to appear *pro hac vice*. *Braasch v. Freedom of Info. Comm'n*, Case No. HHB-CV20-6062369-S (Conn. Super. Apr. 26, 2021). LAS fails to disclose this, despite it being publicly available information.

Instead, they make a material misrepresentation. They state: "The second denial came eighteen months later, on July 7, 2020, after Mr. Randazza's disciplinary probation had ended." **This is false**. On July 7, 2020, Mr. Randazza was on probation with the bars of the State of California and the U.S. Patent & Trademark Office. His Florida probation had not even commenced as the proceeding there was then-ongoing.

None of LAS's other arguments warrant revocation. Mr. Randazza could not have "understated" his discipline—he provided the full disciplinary orders to the Court. None of the other charges were proven against him and—most notably—in the Florida reciprocal proceeding, the judge found *in Mr. Randazza's favor*. *See The Florida Bar v. Randazza*, Case No. SC19-188 (Fla. July 7, 2020)(Report of Referee). There was never any conflict of interest. *Id.* To the extent LAS relies on a prior arbitration award, that award was vacated. (*In re Marc John Randazza*, Case No. BK-S-15-14956-ABL (Bankr. Nev. Aug. 2, 2018). It was flawed and improper to consider: 1) it was improper upon issue as it was

---

[1] An extensive list can be provided, should the Court so desire.

Randazza Legal Group
Page 3 of 3



fatally flawed in its evaluation of the law and the facts, and 2) it was interim in nature, and subject to revision.[2]  Nevertheless, the Florida bar, in pursuing *disbarment* as *reciprocal* discipline relied on that same arbitration award.  The Florida court found, after a full evidentiary record, that the arbitrator was wrong--there was no harm to Mr. Randazza's clients and no litigation misconduct.  *See Fla. Bar, supra.*  None of Mr. Randazza's discipline was related to litigation conduct that would warrant revocation.

LAS misrepresents *Purple Innovation, LLC v. Honest Reviews, LLC*, 2018 U.S. Dist. LEXIS 23150 (D. Utah Feb. 9, 2018).  In that case, it was the **client** who was deemed to have made misrepresentations.  Mr. Randazza and the other attorneys merely attempted to protect and defend their client as the Rules of Professional Conduct required, and the court's statements arose solely from finding that client not credible on the stand.

There is no evidence Mr. Randazza ever threatened a witness. Mr. Randazza responded civilly to perjurious allegations against him made by a *pro se* plaintiff and a third party who was committing the unlicensed practice of law for the plaintiff in *Postle v. Brill*, Case No. 34-2020-00286265 (Sacramento Cty. CA Sup. Ct.).  Mr. Randazza challenged his perjury and expressed an intent to take action under California law unless it was retracted.  This is precisely the conduct expected and the law encourages of one unjustly accused.

As your honor is aware, from Mr. Randazza appearance in another case, he has not asked the Court to exercise "playground jurisdiction".  He has done nothing in that case that seems to have annoyed the Court, much less make it regret admitting him.  The misreadings and misrepresentations by LAS make it patent that it did not investigate its own allegations; they most likely came from an opposing attorney in Texas (Mark Bankston), where he and Mr. Randazza "have a history".  This Court is not Mr. Bankston's playground.

The reconsideration motion is untimely and there is no basis on which Mr. Randazza's admission should be revoked.  No conference or further motion practice is warranted.

Sincerely,

Jay M. Wolman

cc:    All Counsel of Record (via CM/ECF)

---

[2] Should the Court desire, Mr. Randazza will gladly provide the extensive briefing that shows the failures and errors of that arbitrator.