UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAUD MARON,<br><br>                              Plaintiff,<br><br>                    -v.-<br><br>THE LEGAL AID SOCIETY and<br>ASSOCIATION OF LEGAL AID ATTORNEYS,<br><br>                              Defendants. | 21 Civ. 5960 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

        The Court has received the parties' submissions regarding Defendant

Legal Aid Society's anticipated motion to revoke Mr. Randazza's *pro hac vice*

admission for this case.  (*See* Dkt. #28).  Following the Court's careful review of

Defendant's arguments regarding Mr. Randazza's disciplinary record, the Court

concludes that Mr. Randazza has not been unforthcoming with his disclosures

in his application for *pro hac vice* admission to this Court, nor does it find that

the additional context provided by Defendant warrants reconsideration of the

Court's admission of Mr. Randazza *pro hac vice*.  Therefore, the Court denies

Defendant's application for a pre-motion conference regarding its anticipated

motion.  Notwithstanding this conclusion, the Court shares Defendant's

concern regarding certain of Mr. Randazza's actions, including certain

allegations against him that are detailed in the materials provided by

Defendant.  The Court summarizes its reasoning below.

        *First,* Defendant urges the Court to consider allegations beyond those to

which Mr. Randazza admitted in connection with a twelve-month suspension

he received from the Supreme Court of the State of Nevada in 2018.  (*See* Dkt.

#28 at 1-2).  As Mr. Randazza admits, the Nevada disciplinary proceeding against him was resolved via a negotiated guilty plea agreement with the Southern Nevada Disciplinary Board, which included his admission to violating two of Nevada's ethical rules regarding conflicts of interest and restrictions on the practice of law.  (*See* Dkt. #12-2 at 22-24).  Beyond this guilty plea, Defendant points the Court to the amended complaint that precipitated the Nevada disciplinary proceedings, which complaint asserted seven additional counts of ethical violations against Mr. Randazza (*see* Dkt. #28-1), and to statements from a related interim arbitral award, in which the arbitrator found that Mr. Randazza had negotiated for monetary bribes that would conflict him out of future litigation involving parties with adverse interests to Mr. Randazza's client in that dispute (*see* Dkt. #28-2).  As concerning as these alleged breaches of Mr. Randazza's ethical and professional obligations are, the Court declines to reconsider Mr. Randazza's *pro hac vice* admission based on unadjudicated and disputed allegations.  The additional counts in the amended complaint are merely allegations, to which Mr. Randazza has not admitted. Furthermore, the arbitral award cited by Defendant was controverted by a referee in reciprocal disciplinary proceedings in the Florida Supreme Court. (*See* Dkt. #12-2 at 12-14).  As such, the Court does not consider the additional context provided by Defendant to justify this Court's revocation of Mr. Randazza's *pro hac vice* admission.

     *Second*, Defendant asserts that Mr. Randazza's misconduct has not ceased, as he has been accused of defending misleading representations by a

federal court in Utah and of threatening a witness in a state-court proceeding in Texas.  (*See* Dkt. #28 at 3).  A review of the allegations in these cases does not convince the Court that it should reconsider Mr. Randazza's *pro hac vice* admission.  In *Purple Innovation, LLC* v. *Honest Reviews, LLC*, No. 17 Civ. 138 (DB), 2018 WL 840035 (D. Utah, Feb. 12, 2018), the court assessed a series of representations that Mr. Randazza made on behalf of a client that were found to be misleading.  While Mr. Randazza's clients were sanctioned consequent to those misrepresentations, the district court did not assess sanctions against Mr. Randazza personally.  As such, this Court does not perceive this sanctions decision to be sufficient grounds to reconsider his admission in this District.

The Court concludes the same as to the allegations of witness intimidation in Texas state court.  Upon review of the record in that case, the Court finds that Mr. Randazza's communications may be understood as expressing a concern over a potential violation of California's two-party consent law.  (*See* Dkt. #28-3 at 14-15).  To be sure, the Court finds Mr. Randazza's tone and language in certain of his correspondence to be wholly unbecoming of an officer of the court.  Regardless, the Court does not perceive unadjudicated charges of witness intimidation to be a basis for sanctioning Mr. Randazza in the instant proceeding, at this time.

*Lastly*, Defendant claims that Mr. Randazza's representation that he has never been disbarred or denied admission or readmission by any court is false because he was denied *pro hac vice* admission in the Connecticut Superior Court on two prior occasions.  (*See* Dkt. #28 at 3).  The Court disagrees and

3

does not find the information in Mr. Randazza's affidavit in support of his motion for admission *pro hac vice* to be misleading.  The Court is satisfied with Mr. Randazza's disclosure that he "was denied admission *pro hac vice* in the Connecticut Superior Court while disciplinary proceedings related to the [aforementioned] matters … were pending."  (Dkt. #12-2 at 2).

For the foregoing reasons the Court DENIES Defendant's request for a pre-motion conference regarding its anticipated motion to revoke Mr. Randazza's *pro hac vice* admission.  However, the Court should in no way be understood as condoning or trivializing any of the serious allegations contained in Mr. Randazza's disciplinary record.  Mr. Randazza appears to have repeatedly toed ethical lines, and the Court remains concerned about the recency of certain allegations against Mr. Randazza.  The Court reserves the right to revisit this decision if additional developments in this or other cases render it appropriate for the Court to do so.

The Clerk of Court is directed to terminate the pending motion at docket entry 28.

SO ORDERED.

Dated:      October 4, 2021
            New York, New York

_____
        KATHERINE POLK FAILLA
        United States District Judge